## (September 19, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ROSS DI LORENZO, Defendant.— Motion by defendant (1) for leave, pursuant to subdivision 2 of section 149 of the Judiciary Law, to have his motion to dismiss indictment heard at a term of this court; (2) upon the granting of such leave, (a) to dismiss the indictment and (b) for a trial order of dismissal as to Counts Nos. 1, 2, 5, 6 and 7; and (3) to permit oral argument of the motion on behalf of defendant. Motion referred to Mr. Justice Shapiro. Hopkins, Acting P. J., Martuscello, Brennan, Benjamin and Munder, JJ., concur. Upon referral of the motion to Mr. Justice Shapiro, the said Justice denies the application for leave to have the motion to dismiss the indictment heard at a term of this court, without consideration of the merits, on the ground that the matter should be appropriately considered in the first instance at the Extraordinary Special Term.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. PAUL P. RAO, Defendant. THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. PAUL P. RAO, JR., Defendant. In the Matter of SALVATORE NIGRONE, Petitioner, v. JOHN M. MURTAGH, as New York County Supreme Court Justice, Presiding at an Extraordinary Term of the Supreme Court, et al., Respondents.— By permission, defendants Rao move to dismiss the indictments against them and defendant Nigrone seeks a judgment in the nature of prohibition. The court desires to hear oral argument on said applications. Accordingly, the applications are set down for argument before this court on October 23, 1974 at 10:00 A.M. Aside from the other contentions raised by the moving papers, the court desires the parties to be prepared to argue (1) the propriety of the means used by the special prosecutor in initiating the procedures involved in and leading to the indictments and (2) whether a perjury indictment can be sustained when the testimony was given in connection with a crime known by the prosecutor not to have been committed. Any of the parties desiring to do so may submit memoranda in addition to those already served, provided the same be served and filed by October 11, 1974. Shapiro, Acting P. J., Cohalan, Christ, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK FRANKLIN, Appellant.— Judgment of the Supreme Court, Kings County, rendered October 20, 1972, affirmed (CPL 470.05, subd. 1). Latham, Acting P. J., Shapiro, Cohalan, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LINWOOD AUGUSTUS HOLLEY, Appellant.— Appeals by defendant, as limited by his brief, from two sentences of the Supreme Court, Queens County, both imposed November 3, 1972, upon two separate convictions of robbery in the first degree, on pleas of guilty, the sentences being two concurrent indeterminate prison terms not to exceed 15 years. Sentences modified, as a matter of discretion in the interest of justice, by reducing each to a concurrent indeterminate prison term not to exceed seven years. As so modified, sentences affirmed. The sentences were excessive to the extent indicated herein. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Christ, JJ., concur.